JOHN C. BLACK, WSBA #15229
DUNN & BLACK, P.S.
111 N. Post, Ste. 300
Spokane, WA 99201-0907
Telephone: (509) 455-8711
Facsimile: (509) 455-8734
E-mail: jblack@dunnandblack.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PERFORMANCE CONTRACTING, INC., a Kansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK CONSTRUCTION GROUP, LLC, a Maryland limited liability company; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a foreign company; FIDELITY & DEPOSIT COMPANY OF MARYLAND, a foreign company; ZURICH AMERICAN INSURANCE COMPANY, a foreign company; and FEDERAL INSURANCE COMPANY a foreign company.<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

COMPLAINT FOR DAMAGES - 1

Plaintiff United States of America for the use and benefit of Performance Contracting, Inc. and Performance Contracting, Inc. (hereinafter "PCI"), by and through their attorneys, Dunn & Black, P.S., submit this Complaint for Damages against Defendants Clark Construction Group, LLC (hereinafter "Clark"), Travelers Casualty and Surety Company of America (hereinafter "Travelers"), Fidelity & Deposit Company of Maryland (hereinafter "Fidelity"), Zurich American Insurance Company (hereinafter "Zurich") and Federal Insurance Company (hereinafter "Federal").

## **PREFATORY NOTE**

PCI's contract with Defendant Clark contains a unilateral arbitration provision which purports to grant Defendant Clark the sole right to require that all disputes between PCI and Defendant Clark be subject to binding arbitration. At the time of filing this Complaint, PCI has no knowledge whether or not Defendant Clark intends to assert such purported right regarding this dispute.

## **PARTIES, JURISDICTION, VENUE**

1. At all times material hereto, Plaintiff PCI is a Kansas corporation in good standing, with its principal place of business in Lenexa, Kansas, and is registered as a general contractor with the Washington State Department of Labor & Industries, license number, PERFOCI159K1. PCI has done all things required of it to maintain bring the current lawsuit.

COMPLAINT FOR DAMAGES - 2

2. Upon information and belief Defendant Clark is a Maryland limited liability company, with its principal place of business in Bethesda, Maryland and is registered as a general contractor with the Washington State Department of Labor & Industries, license number CLARKCG963M2.

3. Upon information and belief, Defendant Travelers is a Connecticut corporation, with its principal place of business in Hartford, Connecticut and is licensed with the Washington State Office of the Insurance Commissioner, license number 10.

4. Upon information and belief, Defendant Fidelity is a Maryland corporation, with its principal place of business in Schaumburg, Illinois and is licensed with the Washington State Office of the Insurance Commissioner, license number 442.

5. Upon information and belief, Defendant Zurich is a New York corporation, with its principal place of business in Schaumburg, Illinois and is licensed with the Washington State Office of the Insurance Commissioner, license number 1476.

6. Upon information and belief, Defendant Federal is a New Jersey corporation, with its principal place of business in Whitehouse Station, New Jersey and is licensed with the Washington State Office of the Insurance Commissioner, license number 433.

COMPLAINT FOR DAMAGES - 3

7. The dispute is based upon a breach of a construction contract for a project owned by the United States Department of Veterans Affairs and is located in Seattle, Washington. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Diversity exists between all parties.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that PCI's claims regarding the subject payment bond arise under 40 U.S.C. § 3131 *et seq.* (the "Miller Act").

9. Venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(3) because the project that is the subject of this action was performed in Seattle, Washington.

**FACTS**

10. PCI incorporates by reference the allegations set forth above, as if set forth fully herein.

11. In September 2014, Clark was awarded a public works contract by the Department of Veterans Affairs ("VA") for construction of the project described as the VA Puget Sound Health Care System Phase 2/Mental Health & Research Building, contract no. VA101F-14-C-0034, located in Seattle, Washington (hereinafter "the Project").

12. Defendants Travelers, Fidelity, Zurich, and Federal (collectively "the Bond Issuers") jointly issued surety bond no. 053-SB-1061707548-

COMPLAINT FOR DAMAGES - 4

82298628/09156772, guaranteeing the payment of all claims for labor performed and materials, equipment and supplies furnished to the Project. The Bond Issuers, as surety, and Clark as principal, each bound themselves, and are jointly and severally liable on the basis of the payment bond, as reflected therein.

13. In March 2015, PCI entered into a written subcontract with Clark to provide certain labor, services, materials, equipment and supplies to the Project. A true and correct copy is attached hereto as **Appendix A** (hereinafter "the Subcontract").

14. PCI's scope of work included without limitation, cold formed metal framing, gypsum sheathing, cementitious sheeting, non-structural metal framing, gypsum board, acoustical ceilings, suspended wood ceilings, sound absorbing wall units, raised access flooring and other such requirements as described more fully in **Appendix A**.

15. In exchange for such labor, materials and services, PCI was to be paid the sum amount of six million six hundred ten thousand dollars and 00/100 ($6,610,000.00), which sum was subject to revision in the event there were changes in PCI's work scope.

16. The Project suffered a series of delays from the beginning of the Project. These delays impacted the work progress and led to increased costs to PCI.

COMPLAINT FOR DAMAGES - 5

17. The Project also suffered from a series of water intrusion issues which further delayed the Project and which caused Defendant Clark to perform significant re-work including removal and reinstallation of previously installed materials and previously completed scope of work.

18. Defendant Clark also directed PCI to perform additional work outside of the contracted scope of work, as well as, acknowledged extra work orders for PCI's increased expenses and costs due to delays, inefficiencies, design changes, damage to scope of work by other trades, damaged scope of work due to moisture mitigation and other such issues experienced during construction of the Project.

19. The express terms of the contract state that if PCI's work is changed at the direction of Clark or the Project owner (the VA), PCI is entitled to an equitable adjustment to, and increase of, the contract price, as well as payment from Clark for the same.

20. PCI has requested Clark issue equitable adjustment to, and an increase of, the contract price, as well as payment for such increased contract price, based upon PCI additional costs incurred due to Clark's directed changes to PCI's scope of work. To date, Clark has failed to comply with PCI's request.

21. PCI completed all of its contractual obligations and last furnished labor, services, materials, equipment and/or supplies for the Project on or about June 29, 2018.

COMPLAINT FOR DAMAGES - 6

22. There is now due and owing from Clark to PCI after accounting for all contractual performance, authorized change orders, credits, and charges for all changed and additional work, for which PCI has demanded payment.

23. Clark and the Bond Issuers have failed to make payment to PCI under the subcontract. PCI has suffered damages including interest, attorney's fees and costs in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
**(Breach of Contract/Breach of Good Faith and Fair Dealing)**

24. PCI incorporates by reference the allegations set forth above, as if set forth fully herein.

25. PCI and Clark entered into a written construction subcontract for labor, services, materials, equipment and supplies.

26. PCI has fully performed all obligations under the subcontract.

27. Clark's actions and omissions constitute breaches of the express and implied obligations under the Subcontract, including but not limited to the implied covenant of good faith and fair dealing. In addition, Clark has breached its contractual obligation to make prompt payment to PCI for all labor, services, materials, equipment and supplies provided.

28. As a proximate result of Clark's breach, PCI has incurred damages in an amount to be proven at trial but not less than $3,118,774.00, plus interest, costs and any attorney fees allowed by law or contract.

COMPLAINT FOR DAMAGES - 7

## SECOND CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit)

29. PCI incorporates by reference the allegations set forth above, as if set forth fully herein.

30. In the alternative to the Breach of Contract claim pled above, PCI claims the following cause of action.

31. PCI performed work on the Project that has conferred value on Clark.

32. PCI acted as alleged herein with the expectation of being compensated in an amount equal to the reasonable value of the work it performed.

33. PCI has not acted as a volunteer or intermeddler.

34. To permit Clark to retain the benefit of PCI's work without compensating PCI would result in the unjust enrichment of Clark at PCI's expense, which should not be allowed.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)

35. PCI incorporated by reference the allegations set forth above, as if set forth fully herein.

36. Defendant Clark made promises and/or representations to PCI, which Clark knew or should have known or expected that PCI would reasonably rely upon to change its position regarding construction of the Project.

COMPLAINT FOR DAMAGES - 8

37. Based upon Clark's promises and/or representations regarding construction of the Project, PCI justifiably relied upon such promises to provide labor, services, materials, equipment and/or supplies to the Project.

38. Injustice can only be avoided by enforcing Clark's promises and/or representations.

39. As a direct and proximate result of Clark's failure to adhere to their promises and/or representations regarding construction of the Project, PCI has suffered damages in an amount to be proven at the time of trial, but not less than $3,118,774.00 plus interest, cost and any attorney fees allowed by law or contract.

## **FOURTH CAUSE OF ACTION**
**(Bond Claim)**

40. PCI incorporates by reference the allegations set forth above, as if set forth fully herein.

41. Travelers, as surety, issued the Miller Act required bond on the Project,

42. As a subcontractor to Clark on the Project, PCI is an intended third-party beneficiary protected and/or covered under the Bond Issuers' surety bond number 053-SB-1061707548-82298628/09156772.

43. PCI has fully performed all obligations under the subcontract.

44. More than ninety (90) days has expired since the last date on which labor was performed or materials were furnished by PCI to Clark for the Project.

COMPLAINT FOR DAMAGES - 9

45.     PCI has made demand upon the Bond Issuers and Clark for payment on the Bond and otherwise satisfied all conditions necessary to receive payment from the Bond Issuers and/or Clark, but none have paid PCI the amounts demanded.

46.     PCI's claims as alleged herein are therefore secured by the Bond Issuer's payment bond.

47.     Under Travelers' bond, Travelers is liable to PCI for the amount owed under the Subcontract, which is an amount to be proven at trial, plus prejudgment interest, costs and any attorney fees as allowed by law and/or contract.

WHEREFORE, PCI prays for the following relief:

1.     For judgment against Clark, Travelers, Fidelity, Zurich, and Federal jointly and severally, in an amount to be proven at trial;

2.     That PCI be awarded prejudgment interest;

3.     That PCI be awarded all attorney fees and costs allowed by law and/or contract;

4.     For judgment on and foreclosure against the Bond Issuers' bond no. 053-SB-1061707548-82298628/09156772 in an amount to be proven at trial, plus interest, attorney fees, and costs; and

4.     For such other and further relief as the Court deems proper.

COMPLAINT FOR DAMAGES - 10

DATED this 20<u>th</u> day of June, 2019.

          */s/ John C. Black*
          JOHN C. BLACK, WSBA #15229
          Dunn & Black, PS
          111 North Post, Ste. 300
          Spokane, WA 99201
          Telephone: (509) 455-8711
          Facsimile: (509) 455-8734
          jblack@dunnandblack.com

          *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 11

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2019, I caused to be electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system.

DATED this 20th day of June, 2019.

/s/ John C. Black

COMPLAINT FOR DAMAGES - 12